UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MIXAN JAVIER GONZALEZ-RIVAS,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No. 5:26-cv-02103-PD

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

Mixan Javier Gonzalez-Rivas ("Petitioner") filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking a bond hearing or release from Respondents' custody at the Desert View Facility in Adelanto, California.   Dkt. No. 1.  The Court has considered the Petition, Respondents' Answer, the Supplemental Submissions, the Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Amended Petition"), Respondents' Answer to Amended Petition and the arguments of counsel at the hearing on May 20, 2026.  Dkt. Nos. 8, 10, 11, 14, 15.

## I.    Background

Petitioner is a citizen of Nicaragua, and he entered the United States on December 2, 2022.  Dkt. Nos. 10 at 6[1], Record of Deportable /Inadmissible Alien: 11 at 2-4.  On that day, the United States Border Patrol ("USBP") arrested Petitioner for attempting to enter the United States at or near El Paso, Texas.  *Id.*  Petitioner was released that same day due to detention capacity with Form I-94 as an alternate to detention as a condition of parole. *Id.*  On August 23, 2023, Petitioner filed an application for asylum, Form I-589 with United States Citizenship and Immigration Services ("USCIS").  Dkt. No. 10 at 6.  His application is still pending.  *Id.*  On February 27, 2024, USCIS approved Petitioner's Application for Work Authorization, Form I-765. *Id.*

Petitioner is single and has no children.  Dkt. No. 14, Amended Petition at 10.  Prior to his detention, Petitioner was gainfully employed as a caregiver for Los Angeles County.  *Id.*  Petitioner possessed a federally issued employment authorization and a lawfully obtained Social Security number. *Id.*  Petitioner regularly appeared for ICE reporting obligations and participated in supervision requirements without incident.  *Id.*

On April 16, 2026, Petitioner reported in person to Enforcement Removal Operations ("ERO") Los Angles, California for a standard Immigration and Customs Enforcement ("ICE") check-in.  Dkt. Nos. 10 at 6; 14 at 11.  ERO Los Angles served Petitioner with a Notice to Appear, Form I-862, charging inadmissibility under Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i).  *Id.*  Petitioner was then transferred to the Desert View Facility.  Dkt. No. 14, Amended Petition at 4.

---

[1] The Court uses the page numbers inserted into the pleadings by the Court's electronic filing system.

## II.   Discussion

The Amended Petition raises four claims: (1) Petitioner's re-detention violates Fifth Amendment Due Process; (2) Application of INA § 235(b)(2)(A) is ultra vires and inconsistent with statutory text and longstanding regulatory practice; (3) Petitioner's continued detention without meaningful custody review violates the INA and Due Process Clause; and (4) the new Department of Homeland Security ("DHS") policy and *Matter of Yajure Hurtado* violate the Administrative Procedures Act ("APA") because they represent an abrupt departure from settled practice adopted without lawful procedures.  Dkt. No. 14, Amended Petition at 6-7.

### A.   Procedural Due Process

This Court and others in this District have found that re-detention, without notice or a pre-deprivation hearing, of a non-citizen who had been released on conditions shortly after their entry into the United States and had complied fully with those conditions, violated procedural due process.  *See Cruz v. Lyons, et al.,* No. 5:25-cv-02879-MCS-MBK, 2025 WL 4051129 (C.D. Cal. Nov. 6, 2025) (granting temporary restraining order releasing noncitizen who had been paroled into the United States and was re-arrested at appointment with USCIS); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at \*1 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026) (granting petition for noncitizen who had been paroled in the United States and was re-arrested at ICE check-in).  *See also M.V.F. v. Santacruz*, No. 2:25-cv-11700-MEMF-E, 2025 WL 3691419, at \*5 (C.D. Cal. Dec. 19, 2025) (granting TRO ordering release of noncitizen who had been released on their own recognizance shortly after entering the United States and was re-arrested at ICE check-in).

As in these cases, the Court considers Petitioner's procedural due process claim under the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  The *Matthews* test balances three factors:

> First, the private interest that will be affected by the official action; second the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335.

### 1.    Private Interest

Petitioner has a substantial private interest in remaining out of custody.  Petitioner has resided in the United States for three and a half years, since December 2, 2022.  During this time, he has worked to support himself as a caregiver for Los Angeles County, possessed federally authorized employment authorization, and possessed a legally obtained Social Security number.  Dkt. No. 14, Amended Petition at 2.  Petitioner was integrated into the community and complied with all reporting requirements. *Id.* at 3.

While Petitioner has remained subject to supervision during this time, "a person who is in fact free of physical confinement—even if that freedom is lawfully revocable—has a liberty interest that entitles him to constitutional due process before he is re-incarcerated." *Hurd v. D.C., Gov't*, 864 F.3d 671, 683 (D.C. Cir. 2017); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty.") (collecting cases).  Petitioner's release included "an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972).  This conditional liberty is "'valuable and must be seen as within the protection of the Fourteenth Amendment.'" *Hogarth v. Santacruz*, No. 5:25-

4

cv-09472-SPG-MAR, 2025 WL 3211461, at *7 (C.D. Cal. Oct. 23, 2025) (quoting *Morrissey*, 408 U.S. at 482).

### 2.    Risk of Erroneous Deprivation

With respect to the second *Mathews* factor, Petitioner argues that in the absence of any procedure or evidentiary findings, he faces a significant risk of erroneous deprivation, particularly since Respondents provided no meaningful procedural safeguards before revoking his liberty. Petitioner received no advance notice, no statement of allegations, no disclosure of evidence, no neutral adjudication, no individualized findings concerning danger or flight risk, and no opportunity to respond before detention occurred. Amended Petition at 17.  The Court agrees.  The risk of an erroneous deprivation of a petitioner's liberty interest is considerable where he has not received any bond or custody redetermination.  *See Doe v. Becerra,* 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025) (risk of erroneous deprivation is considerable for petitioner previously released on bond after it was determined he was not a danger to the community or a flight risk).

In  evaluating this risk, courts that have ordered release and a pre-deprivation hearing have considered the petitioner's compliance with all release conditions and criminal history.  *See e.g., Calderon v. Kaiser*, No. 25-CV-06695-AMO, 2025 WL 2430609 at *2 (N.D. Cal. Aug. 22, 2025) (noting that petitioner who was released on her own recognizance did not violate the conditions of her release which included reporting for any hearing or interview); *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025) ("Petitioner has no criminal history and indicates that he has attended every check-in and court hearing since he arrived in the United States."); *De Vasquez v. Chestnut*, No. 1:25-CV-1999-JDP, 2026 WL 25539 at *4 (E.D. Cal. Jan. 5, 2026) (noting that since release, "there has been no indication that [petitioner] has become a flight risk or danger to the community").  Petitioner

5

states that there have been no violations of his release conditions, and Respondents do not contend that changed circumstances prompted revocation of Petitioner's release. *See* Dkt. Nos. 10, 11. Petitioner has established substantial ties to the community and maintained stable employment while residing in Los Angeles. Dkt. No. 14, Amended Petition at 10. Petitioner regularly appeared for ICE reporting obligations and participated in supervision requirements without incident. *Id.*

Petitioner's initial release from custody, "at least implicitly," "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Sun v. Santacruz*, No. 5:25-CV-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (citation omitted). Further, regardless of the statute that authorized his release, Petitioner's release was predicated on the Government's determination that Petitioner did not present a danger or flight risk requiring his detention. *See* 8 C.F.R. § 236.1(c)(8) (providing that the Government may release a noncitizen under Section 1226 "provided that the alien [] demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding"); 8 C.F.R. § 212.5 (permitting release on parole under 8 U.S.C. § 1182(d)(5)(A) in limited circumstances, "provided the aliens present neither a security risk nor a risk of absconding"). Respondents' Answer to the Amended Petition does not address Petitioner's procedural due process claim, other than stating Respondents do not oppose a bond hearing before an Immigration Judge under 8 U.S.C. § 1226(a).[2] Dkt. No. 15.

---

[2] The absence of opposition to Petitioner's Fifth Amendment procedural due process claim itself is a basis to grant the Petition. *See Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-

Based on the record, there is a high risk that the lack of pre-deprivation process—that is, a hearing to determine whether Petitioner in fact presents a danger or flight risk—has resulted in Petitioner's unnecessary re-detention.

### 3. Government Interest

As to the third *Mathews* factor, "as many other courts have recognized, there is no meaningful countervailing government interest that supports detaining previously paroled noncitizens like petitioner without a predetention hearing." *Cruz*, No. 5:25-cv-02879, Dkt. 12 at 7 (collecting cases). "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). Additionally, "any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most "minimal[.]'" *Sun*, 2025 WL 2730235, at *6 (quoting *Doe v. Becerra*, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025)). "In immigration court, custody hearings are routine . . . ." *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025).

In sum, Petitioner has a strong interest in remaining free from confinement, there is a significant risk that Respondents' lack of constitutionally adequate procedures has resulted in his unnecessary detention, and any government interest in refusing to provide such process is minimal. The Court therefore concludes that the Government's re-detention of Petitioner without adequate pre-deprivation process violated due process. Because the Court concludes that Petitioner is entitled to release on procedural due process grounds, it declines to address Petitioner's remaining

---

3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession).

claims.  Nothing prevents Petitioner from raising these claims again in the future, should the Government re-detain Petitioner following the procedures set forth above.

## III.   Order

For the foregoing reasons, the Amended Petition is GRANTED as to Claim One, and the remaining claims  are dismissed without prejudice.

Petitioner is **ordered released** within 24 hours of this Order. Petitioner's counsel shall file a status report confirming Petitioner's release within three days of his release from custody; if release is delayed for any reason, Petitioner shall promptly notify the Court. Upon receipt of confirmation that Petitioner has been released, judgment will issue and the Court will close the case.

IT IS SO ORDERED.

DATED: May 21, 2026

Patricia Donahue

_____

Patricia Donahue
United States Magistrate Judge

8